IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MIDWEST FEEDERS, INC.                                           PLAINTIFF

VS.                        CIVIL ACTION NO. 5:14-cv-78(DCB)(MTP)

THE BANK OF FRANKLIN                                            DEFENDANT

ORDER

This cause is before the Court on the plaintiff Midwest Feeders, Inc. ("Midwest")'s motion **(docket entry 21)** to respond to defendant The Bank of Franklin ("BOF")'s request for relief in footnote 1 of defendant's rebuttal memorandum in support of its motion to dismiss; and on Midwest's motion **(docket entry 22)** to strike, or in the alternative, respond to arguments and facts first raised in BOF's rebuttal memorandum in support of its motion to dismiss.  Having carefully considered the motions and responses, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

Both of the plaintiff's motions seek to strike certain matters from the defendant's rebuttal memorandum in support of its motion to dismiss.  In the alternative, the plaintiff requests leave to respond to the arguments it claims were raised for the first time in the rebuttal memorandum.  "Arguments raised for the first time in a reply brief are generally waived," Jones v. Cain, 600 F.3d 527, 541 (5th Cir. 2010), and may be stricken by the court.  See S. Lavon Evans, Jr. Drilling Venture, LLC v. Laredo Energy Holdings,

LLC, 2011 WL 1104150, at *1 (S.D. Miss. Mar. 23, 2011).  In the alternative, "a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage."  Elwood v. Cobra Collection Agency, 2006 WL 3694594, at *7 (S.D. Miss. Dec. 14, 2006)(citing Murray v. TXU Corp., 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005).

BOF contends that its rebuttal memorandum directly addresses the facts and arguments presented by Midwest in its responsive brief, and that any new matters were in direct response to issues raised in Midwest's brief.  The Court agrees with BOF that no portions of the rebuttal brief should be stricken; however, the Court shall allow Midwest to file sur-rebuttal briefs.

Midwest's proposed Memorandum Brief in Response to BOF's Request for Relief in Footnote 1 of BOF's Rebuttal Memorandum is attached as Exhibit 1 to Midwest's motion (docket entry 21). Midwest's proposed Sur-Reply Memorandum in Opposition to BOF's Motion to Dismiss is also attached as Exhibit 1 to its motion (docket entry 22).  Since Midwest's sur-reply briefs already appear of record, they shall be deemed filed as of the day of this Order.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff Midwest Feeders, Inc.'s motion **(docket entry 21)** to respond to defendant The Bank of Franklin ("BOF")'s request for relief in footnote 1 of defendant's rebuttal memorandum in support of its motion to dismiss is GRANTED

IN PART AND DENIED IN PART: denied as to the request to strike, and granted as to the request for leave to file a sur-reply;

FURTHER ORDERED that the plaintiff Midwest Feeders, Inc.'s motion **(docket entry 21)** to strike, or in the alternative, respond to arguments and facts first raised in BOF's rebuttal memorandum in support of its motion to dismiss is GRANTED IN PART AND DENIED IN PART: denied as to the request to strike, and granted as to the request for leave to file a sur-reply;

FURTHER ORDERED that Midwest Feeders, Inc.'s sur-reply briefs are deemed filed as of the date of this Order.

SO ORDERED, this the 21st day of January, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE