IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MIDWEST FEEDERS, INC.**                                                              **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:14cv78-DCB-MTP**

**THE BANK OF FRANKLIN**                                                          **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on the Motion to Compel Discovery [202] filed by Defendant, Bank of Franklin ("the Bank"). Having considered the parties' submissions, the Court finds that the Motion [202] should be denied.

On April 8, 2016, the Bank served its third set of requests for production of documents. *See* Notice [89]. On May 11, 2016, Plaintiff Midwest Feeders, Inc. ("Midwest") responded to the Bank's discovery requests. *See* Notice [144]. A dispute arose regarding one of the Bank's requests and Midwest's response thereto. In its request, the Bank seeks "any and all computers (as specifically defined in the Definitions and Instructions above) that Midwest has obtained from Robert Rawls together with the information on those computers at the time they were obtained." *See* Requests [202-1]. In response, Midwest stated as follows:

> Midwest will make imaged copies of readable hard drives available to BOF at a mutually convenient time. Midwest notes that two of the responsive hard drives are unreadable but that Midwest is attempting to obtain the contents of those hard drives through the assistance of a forensic data service, and Midwest will provide all data obtained in that process.

*See* Responses [202-2].

On June 21, 2016, the Bank filed the instant Motion, requesting an order from the Court

1

compelling Midwest to produce seven hard drives[1] identified as belonging to Robert Rawls.[2]  The Bank wishes to inspect and copy these hard drives.

On July 8, 2016, Midwest filed its Response [250], asserting that it has produced images of all data on the hard drives.  Midwest asserts that, after its initial production, it made efforts to retrieve additional information from the hard drives.  According to Midwest, the Bank "is now in possession of images of each hard drive, containing the exact same data to which Midwest has access."  Additionally, Midwest states that it has offered to allow the Bank to inspect the hard drives at the location where they are currently maintained–Denver, Colorado.  Midwest argues that the Bank is not entitled to physical possession of the hard drives, and Federal Rule of Civil Procedure 34(b)(2)(B) allows Midwest to provide images of the data rather than allowing inspection.

First, the Court will address the timeliness of the instant Motion [202].  Pursuant to the Case Management Order [41], entered on August 20, 2015, the discovery deadline was July 15, 2016.[3]  The Bank filed its Motion to Compel [202] on June 21, 2016, and failed to request expedited consideration.  Local Rule 7(b)(2) dictates that "[a] party must file a discovery motion

---

[1] In its Response [250], Midwest states that there are only six hard drives at issue. According to Midwest, there was a misunderstanding between the parties regarding the number of hard drives.

[2] According to Midwest, it acquired these hard drives in April 2014, when Rawls agreed to transfer all of his assets and all assets of his companies to Midwest.  Midwest asserts that it has had a rightful claim of ownership of the hard drives since that time.

[3] On June 8, 2016, the Court extended the discovery deadline to August 1, 2016, for the sole purpose of completing fact witness depositions.  The Court instructed that the "discovery deadline is not extended for any other purpose and remains July 15, 2016 for all other discovery." *See* Order [177].

sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."

The Bank's Motion was not filed sufficiently in advance of the discovery deadline as required by Local Rule 7(b)(2)(B), despite the fact that the parties were granted a generous discovery period. The parties have a duty to timely seek discovery and timely move to compel when necessary. Plaintiff has not established good cause for the Court to address the disputed discovery request or response beyond the discovery deadline. *See Grey v. Dallas Independent School Dist.*, 265 Fed. App'x. 342, 348 (5th Cir. 2008) (finding no abuse of discretion where district court denied a motion to compel discovery when "it was filed on the day of the discovery deadline after an extensive discovery period"); *Turnage v. General Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992).

Notwithstanding the untimeliness of the instant Motion, the Court finds that the Motion should be denied on its merits. "Because granting a party access to an . . . electronic storage device, itself, is highly intrusive, according to the Advisory Committee's comments to the 2006 amendments to Rule 34, while direct 'access [to a party's electronic storage device] might be justified in some circumstances,' the rules were 'not meant to create a routine right of direct access' and courts should 'guard against undue intrusiveness.'" *A.M. Castle & Co. v. Byrne*, 123 F.Supp.3d 895, 900 (S.D. Tex. 2015). Generally, in order to gain direct access to a party's electronic device, the requesting party must show that the responding party has failed in its obligation to search its records and produce the requested information. *See Estate of Boles v. National Heritage Realty, Inc.*, 2010 3218386, at *2 (N.D. Miss. Aug. 7, 2010) ("The district court reasoned that the forensic copies were necessary to 'protect against the Defendants'

3

destruction of responsive information in light of the Defendants' persistent refusals to produce ESI in violation of the Court's orders."); *Simon Property Group, LP v. MySimon, Inc.*, 194 F.R.D. 639 (S.D. Ind. Jun 7, 2000) (allowing imaging on a finding of "troubling discrepancies" in the opponent's document production); *Balfour Beatty Rail, Inc.v. Vaccarello*, 2007 WL 169628, at *3 (M.D. Fla. Jan. 18, 2007) (denying access to responding party's computer hard drives when requesting party did not establish that the responding party failed to comply with discovery obligations); *Jacobson v. Starbucks Coffee Co.*, 2006 WL 3146349, at *7 (D. Kan. Oct. 31, 2006) ("Although production of a computer for inspection is unusual . . . [t]he record before the court reflects a history of incomplete and inconsistent responses to plaintiff's production requests."). Additionally, "mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008).[4]

    The Bank has made no showing which would justify granting access to the hard drives at issue. The Bank has not shown that Midwest failed to provide requested information contained on the hard drives. In fact, the Bank "acknowledges that the partial set of information provided via imaged copies may be the entirety of what is available on the hard drives." Thus, the Court will deny the Motion to Compel [202].

    IT IS, THEREFORE, ORDERED that Defendant's Motion to Compel Discovery [202] is DENIED.

---

[4] Additionally, the Case Management Order [41] states that "[u]nless otherwise agreed, the parties are to produce relevant ESI in a readily readable format."

SO ORDERED, this the 19th day of July, 2016.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge