IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MIDWEST FEEDERS, INC.,**                                                               **PLAINTIFF**

v.                                                                    **CIVIL ACTION NO. 5:14cv78-DCB-MTP**

**THE BANK OF FRANKLIN**                                                              **DEFENDANT**

## ORDER

THIS MATTER is before the Court on the Motion to Strike [311] the Supplemental Report of Craig Landrum filed by Plaintiff Midwest Feeders ("Midwest"). The motion results from the supplementation of an expert report by Defendant Bank of Franklin after the close of discovery. In the motion, Midwest Feeders asserts that Bank of Franklin supplemented the expert report of Craig Landrum[1] after the discovery deadline and beyond the scope of this Court's Order [279] which allowed Bank of Franklin until August 12, 2016, to "designate a surrebuttal expert for the sole purpose of contradicting or rebutting the expert opinions of John Barthel." Midwest requests that the Court strike this supplemental report or strike the portions which do not rebut the expert opinions of John Barthel. Having considered the submissions of the parties, the record in this matter and applicable law, the Court finds that the motion should be denied.

### Facts & Procedural History

Pursuant to the Case Management Order [41], Midwest's expert designation deadline ran on April 1, 2016, and Bank of Franklin's expert designation deadline ran on May 16, 2016. On April 1, 2016, Midwest designated two experts, Cathy C. Glassman and Edward B. Cordes. *See*

---

[1] In the parties' various filings on the matter, the report at issue is referred to as a surrebuttal report and as a supplemental report. The Court will refer to the report as a supplemental report.

1

Exhibit [220-1]. On May 16, 2016, Bank of Franklin designated five experts, Paul Carrubba, Craig Landrum, Annette Herrin, Odean Busby, and Rollie Rexroth. *See* Exhibit [253-3].

Subsequently, on June 16, 2016, Midwest designated John Barthel as a rebuttal expert. *See* Exhibit [220-2]. On that same day, along with Barthel's report, Midwest served the rebuttal reports of Cathy C. Glassman and Edward B. Cordes. Bank of Franklin moved to strike Barthel as an expert as he was designated after the expert designation deadline. The Court denied that motion, but granted Bank of Franklin leave until August 12, 2016, to "designate a surrebuttal expert for the sole purpose of contradicting or rebutting the expert opinions of John Barthel." *See* Order [279]. The Court did not extend any other deadlines.

On August 12, 2016, Bank of Franklin served on Midwest Feeders not one, but three supplemental expert reports by previously disclosed experts Rollie Rexroth, Odean Busby, and Craig Landrum. *See* [294]. Landrum's supplemental report rebutted not only the opinions of John Barthel, but also addressed the rebuttal reports of Cathy C. Glassman and Edward B. Cordes that were served on Bank of Franklin the same day as the Barthel report. Midwest then filed the current motion to strike [311] the supplemental expert report of Landrum as untimely and beyond the scope of Order [279]. *See also* Rebuttal [368]. Bank of Franklin argues that under Rule 26(e) they are allowed – and indeed mandated – to supplement Landrum's report based on the new information in Glassman's Rebuttal Report.

<u>Supplemental Report's Timeliness</u>

The Court must determine whether Landrum's supplemental report was timely. Rule 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and

2

signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case. . . ." Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or date considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a) and L.U.Civ.R. 26(a)(2)(D) no later than the time specified in the case management order." L.U.Civ.R. 26(a)(2).

Additionally, "[t]he parties must supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). "[A] party is required to supplement its expert disclosures if the court so orders or if 'the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 570 n. 42 (5th Cir. 1996) (quoting Fed. R. Civ. P. 26(e)(1)).  "[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). While Rule 26(a)(3) provides that pretrial disclosures must be made at least thirty days before trial, it adds the following caveat: "[u]nless the court orders otherwise . . . ." Fed. R.Civ. P. 26(a)(3). Local Rule 26 provides that a "party is under a duty to

supplement disclosures at appropriate intervals under Fed. R.Civ. P. 26(e) and *in no event later than the discovery deadline established by the case management order.*" L.U.Civ.R. 26(a)(5) (emphasis added).

The discovery deadline in this case ran on July 15, 2016. *See* Order [41]. The scope of Order [279] only allowed Bank of Franklin to designate an expert to rebut John Barthel, not to supplement expert reports for other reasons. If Bank of Franklin wished to supplement Landrum's report to reflect any information in Cathy C. Glassman and Edward B. Cordes's new reports served on June 16, 2016, it should have done so before the end of discovery. *See* L.U.Civ.R. 26(a)(5);*see also Previto v. Ryobi N. Am., Inc.,* No. 1:08–CV–177–HSO–JMR, 2010 WL 5185070, at *2, 2010 U.S. Dist. LEXIS 133421, at *4 (S.D.Miss. Dec. 16, 2010); *Cooper Tire & Rubber Co. v. Farese,* No. 3:02–CV–SA–JAD, 2008 WL 5104745, at *3–4, 2008 U.S. Dist. LEXIS 96729, at *10–*11 (N.D.Miss. Nov. 26, 2008). \

<div style="text-align:center">Authority to Strike</div>

Midwest requests the Court strike the new information contained within the supplemental report as not timely and not within scope of Order [279]. Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When determining whether to strike expert testimony because of a party's failure to properly and timely disclose required information, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and


(4) the explanation, if any, for the party's failure to comply with the discovery order. *Sierra Club*, 73 F.3d at 572 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir.1989)); *see also Reliance Ins. Co.*, 110 F.3d at 257 (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990)).

The first factor weighs slightly in favor of the Bank of Franklin. The scope of expert testimony in a case is important and can often affect the outcome of a case. While the information in Landrum's supplemental report seems to contain very little new information related to the Glassman and Cordes reports, at the very least, the parties apparently believe the new information is important based on the current motion and the energy the parties have devoted to the issue. The factor of importance weights slightly in in favor of the Bank of Franklin.

The second factor also weighs in the favor of the Bank of Franklin; Midwest has not pointed to any specific prejudice that it will suffer as a result of the supplementation. After a comparison of the primary report and the supplemental report, the supplemental report seems to contain very little new information pertaining to the Glassman and Cordes reports that could somehow prejudice Midwest. Midwest does point out that there is some inherent prejudice in being force to make adjustments because of the new information in the report, but Midwest does not raise any specific prejudice that it will suffer. Furthermore, a continuance is not necessary to cure any inherit prejudice Midwest could suffer, as the pre-trial conference is approximately three months away.

The last factor weighs against the Bank of Franklin. Bank of Franklin has offered no legitimate reason for its delay. Its only explanation is that Glassman's Rebuttal report was submitted "on the same day [Midwest] served Barthel's report." *See* Response [347] at 8. Bank

of Franklin also suggests that it was mandated by the rules to supplement after the close of discovery. *Id.* at 5. The Court does not find these reasons compelling. However, the other factors favor weigh against striking the report.

The balance of the factors slightly favors not striking Landrum's supplemental report, and the portions of the report addressing John Barthel's opinions were within the scope of Order [279].

IT IS, THEREFORE, ORDERED and ADJUDGED that the Motion to Strike [311] the Supplemental Report of Craig N. Landrum filed by Plaintiff Midwest Feeders is DENIED.

SO ORDERED this the 18th day of October, 2016.

s/ Michael T. Parker
United States Magistrate Judge