UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MIDWEST FEEDERS, INC.**                                                          **PLAINTIFF**

**VS**                                                   **CIVIL ACTION NO.: 5:14cv78DCB-MTP**

**THE BANK OF FRANKLIN**                                                           **DEFENDANT**

---

### DEFENDANT BANK OF FRANKLIN'S MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES

---

COMES NOW Defendant Bank of Franklin, by and through counsel, and files its Motion for Attorneys' Fees and Related Nontaxable Expenses, which motion is being filed pursuant to F.R.C.P. 54(d)(2), the Mississippi Litigation Accountability Act (Miss. Code Ann. § 11-55-1 et seq.), 28 U.S.C. § 1927 and pursuant to the inherent power of this Court, showing unto the Court as follows:

1. On January 18, 2017, this Court entered its Memorandum Opinion and Order granting Summary Judgment in favor of Bank of Franklin on all claims. (Doc. 394). The Final Judgment (Doc. 395) was also entered on January 18, 2017.

2. In addition to recovery of taxable costs under 28 U.S.C. § 1920 which are being requested by separate submission, Bank of Franklin (hereinafter "BOF") submits it is entitled to recover all of its attorneys' fees and nontaxable expenses incurred in defending this action. As more fully addressed in BOF's Memorandum Brief in support of this motion, Midwest Feeders, Inc. (hereinafter "Midwest") filed the instant action against BOF without substantial justification and unnecessarily expanded the proceedings by ignoring its continuing duty to evaluate its

1

claims and by refusing to dismiss its claims after counsel for BOF requested it do so on at least three occasions throughout the litigation. (See correspondence attached as Exhibits A, B, and C to Affidavit of Lawrence M. "Matt" Quinlivan, Esq., attached hereto as Exhibit 3.) As a result, BOF is entitled to an award of its attorneys' fees and expenses pursuant to the Mississippi Litigation Accountability Act, Miss. Code Ann. § 11-55-1 et. seq. Such award should be made against Midwest and/or its attorneys as the Court deems appropriate.

3. In addition, counsel for Midwest unreasonably and vexatiously multiplied these proceedings by failing to dismiss Midwest's claims after it became clear there was no legal or factual support for said claims. Instead, Midwest's counsel continued to pursue said claims even though they knew the claims were unsubstantiated, frivolous and without substantial justification. For these reasons, in addition to the Mississippi Litigation Accountability Act, Midwest's attorneys are in violation of 28 U.S.C. § 1927 and are responsible for BOF's fees and expenses pursuant to said statute.

4. Throughout the course of this litigation, Midwest's attorneys also used improper methods designed to intimidate, threaten and harass BOF and its officers, directors and employees into submission with regard to Midwest's unreasonable settlement demands, notwithstanding that said attorneys were aware there was no legal or factual support for the claims they were pursuing on Midwest's behalf. This improper conduct, which is addressed more fully in BOF's Memorandum Brief in support of this motion, subjects Midwest's attorneys to liability for fees and expenses, not only under the Mississippi Litigation Accountability Act, but also under 28 U.S.C. § 1927.

5. This Court also may award the requested fees and expenses under its inherent power.

6. As of December 31, 2016, BOF had incurred attorneys' fees in the amount of $2,059,597.10 and expenses and costs (over and above the amount requested pursuant to 28 U.S.C. § 1920 by separate submission) in the amount of $458,090.98, as set forth in affidavits attached as exhibits to this motion.[1] In addition, BOF has incurred additional fees and expenses after December 31, 2016 which have not yet been calculated, including fees and expenses related to preparation and filing of the instant motion. Rule 54(d)(2) only requires BOF to provide the amount of fees and expenses sought or a fair estimate of those fees and expenses in filing this motion. Rule 54(d)(2)(C) also provides that "[t]he court may decide issues of liability for fees before receiving submissions on the value of services." Therefore, should this Court find an award of fees and expenses is warranted, BOF requests that the Court provide a timeframe within which BOF may submit itemized fees and expenses to the Court for consideration.

7. In the event the Court does not find that an award of all fees and expenses incurred defending all claims is warranted, BOF alternatively requests the Court to award its fees and expenses for defense of those claims and/or for those periods of time which the Court deems appropriate.

8. In support of this motion, BOF attached the following exhibits:

   Exhibit 1:   Affidavit of Lane B. Reed, Esq.

   Exhibit 2:   Affidavit of S. Mark Wann, Esq.

   Exhibit 3:   Affidavit of Lawrence M. "Matt" Quinlivan, Esq. - fees

---

[1] In the event any of the costs sought by BOF in the separate submission under 28 U.S.C. § 1920 are not awarded because they are deemed nontaxable, then BOF seeks recovery of those costs pursuant to this motion.

Exhibit 4:   Affidavit of Lawrence M. "Matt" Quinlivan, Esq. and accompanying exhibits - correspondence

Exhibit 5:   Excerpts from 30(b)(6) Deposition of Midwest Feeders, Inc.

Exhibit 6:   Excerpts from Deposition of Jeff Sternberger

WHEREFORE, PREMISES CONSIDERED, Bank of Franklin respectfully requests this Honorable Court to award all of its attorneys' fees and related nontaxable expenses incurred in defending the claims brought by Midwest, or such portion of those fees and expenses as the Court deems appropriate.

**RESPECTFULLY SUBMITTED** this the 30th day of January, 2017.

**BANK OF FRANKLIN, Defendant**

/s/ Mark Wann
S. MARK WANN (MSB No. 6936)
KELLY H. STRINGER (MSB 103293)
JOHN L. MAXEY, II (MSB 1946)
Maxey Wann, P.L.L.C.
210 East Capitol Street, Suite 2100 (39201)
P.O. Box 3977
Jackson, Mississippi 39207
Telephone: 601-355-8855
mark@maxeywann.com

/s/ Matt Quinlivan
MATT QUINLIVAN (MSB No. 103081)
JUDY BURNTHORN (MSB No. 101883)
Deutsch Kerrigan, L.L.P.
2510 14th Street, Suite 1001
Gulfport, MS 39501
Telephone (228)864-0161
mquinlivan@deutschkerrigan.com
jburnthorn@deutschkerrigan.com

/s/ Lane B. Reed
LANE B. REED (MSB 10002)
MARY KATHRYN WILLIAMSON (MSB 103000)
McGehee, McGehee & Torrey
P.O. Box 188
Meadville, Mississippi 39653
Telephone: 601-384-2343
mmtlaw@mmtlaw.net

## CERTIFICATE OF SERVICE

I, Matt Quinlivan, hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court via the ECF System that served copies upon all counsel and parties of record.

This, the 30th day of January, 2017.

/s/ Matt Quinlivan
MATT QUINLIVAN

Deutsch Kerrigan, L.L.P.
2510 14th Street, Suite 1001
Gulfport, MS  39501
Telephone (228)864-0161
mquinlivan@deutschkerrigan.com