# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MIDWEST FEEDERS, INC.**             **PLAINTIFF**

**VS**           **CIVIL ACTION NO.: 5:14cv78DCB-MTP**

**THE BANK OF FRANKLIN**            **DEFENDANT**

**BANK OF FRANKLIN'S NON-CONFIDENTIAL MEMORANDUM
IN SUPPORT OF BANK OF FRANKLIN'S MOTION TO FILE BANK OF FRANKLIN'S
MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES AND
<u>MEMORANDUM IN SUPPORT UNDER SEAL</u>**

COMES NOW Defendant, Bank of Franklin ("BOF"), by and through its counsel of record, Deutsch, Kerrigan, L.L.P., and provides the Court with its Non-Confidential Memorandum In Support of Motion to File Bank of Franklin's Motion for Attorneys' Fees and Related Nontaxable Expenses and Memorandum in Support under Seal pursuant to Rule 79 of the Local Uniform Civil Rules and the Court's Stipulated Protective Order and would state as follows:

## I. INTRODUCTION

BOF requests the Court permit it to file its Motion to File Bank of Franklin's Motion for Attorneys' Fees and Related Nontaxable Expenses and Memorandum in Support under seal. On September 22, 2015, the Court entered the Stipulated Protective Order. (Doc. 50). The Stipulated Protective Order requires that either party wishing to designate documents as confidential shall do so by conspicuously designating the document "confidential" before producing the document(s) to opposing counsel. (Doc. 50, ¶ 3). According to the terms of the Stipulated Protective Order, "If any portion(s) of a document or deposition that contained Confidential Information is going to be filed with the Court, then the filing party must first file a motion pursuant to Local Uniform Civil Rule 79(e) to seal the portion(s) of the document or deposition that contains Confidential Information."

*Id.* During the course of discovery both Midwest and BOF have exchanged documents designated as "Confidential" in accordance with the Stipulated Protective Order. The deposition transcripts designated "Confidential" at issue in this Motion were taken at the instance of BOF but were designated as "Confidential" by Midwest.

## II. NON-CONFIDENTIAL DESCRIPTION OF WHAT IS TO BE SEALED AND STATEMENT OF WHY SEALING IS NECESSARY

Many of the documents and deposition transcripts contain personal financial information of Robert Rawls, corporate financial information of Midwest or BOF, and additional information that is private, personal, sensitive or proprietary in nature. Specifically, a description of the information to be sealed that were produced and labeled "Confidential" by Midwest is as follows:

1. Deposition testimony of Jeff Sternberger attached to the Motion as Exhibit "5": Midwest designated the entirety of Jeff Sternberger's deposition transcript as confidential. (J. Sternberger Dep. at p. 7).

2. Deposition testimony of Midwest Feeders, Inc. attached to the Motion as Exhibit "6": Midwest designated the entirety of the Rule 30(b)(6) deposition transcript of Midwest Feeders, Inc. as confidential. (Midwest Dep. at p. 202).

Documents containing business and financial information, by their very nature, contain sensitive information that should remain sealed to prevent improper use. *See Smith v. Schmidt & McGarland Firm*, 2008 WL 1716686, *1 (N.D. Miss. 2008) (ordering defendant's net worth statement to be filed under seal due to "the sensitive nature of the information"); *see also Austin v. Schmidt & McGarland Firm*, 2008 WL 1721880, * 1 (N.D. Miss. 2008) (same). A decision to allow documents to be filed under seal is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Belo*

*Broadcasting v. Clark*, 674 F.2d 432, 430 (5th Cir. 1981) Pursuant to Local Uniform Civil Rule 79(b), "a statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support and order sealing documents."

BOF does not contend that the documents produced by and deposition testimony designated by Midwest are in fact proper for sealing. Out of an abundance of caution, BOF submits the Motion and this Memorandum to the Court for its determination whether the documents should be filed under seal. The undersigned is unaware of any applicable statute or case law that supports Midwest's position that the documents it labeled "Confidential" are in fact confidential.

Respectfully submitted, this the 31st day of January, 2017.

                                                    BANK OF FRANKLIN

                                  By: */s/Matthew Biggers*
                                          Matthew Biggers (MSB#103325)
                                          Matt Quinlivan (MSB#103081)
                                          Judy Burnthorn (MSB#101883)
                                          Deutsch Kerrigan, L.L.P.
                                          755 Magazine St.
                                          New Orleans, LA 70130
                                          Telephone (540)584-5141
                                          mbiggers@deutschkerrigan.com

# CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on the 31st day of January, 2017, I provided a copy of the above and foregoing document and disclosures to the following counsel of record via the Court's electronic filing system:

James F. Noble III (MS Bar #8507)
Noble & Noble, PLLC
751 Avignon Drive; Ste. B (39157)
Post Office Drawer 3293
Ridgeland, MS 39158-3293
***Local Counsel for Plaintiff, Midwest Feeders, Inc.***

John O'Brien Admitted Pro Hac Vice
Tim O'Neill Admitted Pro Hac Vice
Scott C. Sandberg Admitted Pro Hac Vice
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
***Counsel for Plaintiff, Midwest Feeders, Inc.***

*/s/Matthew Biggers*

Matthew Biggers