```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

MIDWEST FEEDERS, INC.                                        PLAINTIFF

V.                                    CIVIL ACTION NO. 5:14-cv-78-DCB-MTP

THE BANK OF FRANKLIN                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Bank of Franklin's Motion for Attorneys' Fees and Related Nontaxable Expenses (docket entry 396). Having carefully considered the motion, responses, and applicable law, and being otherwise fully informed in the premises, the Court finds as follows:

## I. Background

Midwest Feeders, Inc. ("Midwest") filed this action against the Bank of Franklin on September 5, 2014, alleging a number of claims against the bank in connection with a fictitious payee scheme orchestrated against Midwest by Robert Rawls, a Bank of Franklin customer.[1] Early in the litigation, the Bank of Franklin filed a motion to dismiss, which the Court granted in part on July, 7, 2015. See Doc. 33. Pursuant to its July Order, the Court dismissed Midwest's conversion claims under Federal Rule of Civil

---

[1] Midwest's Complaint alleged: (1) conversion under Mississippi Code Annotated § 75-3-420; (2) failure to exercise ordinary care under Mississippi Code Annotated § 75-3-404(d); (3) common law conversion; (4) negligence; (5) negligent hiring and supervision; and (6) civil conspiracy. The facts and circumstances surrounding these alleged claims are more fully explained in the Court's Order Granting in Part and Denying in Part Motion to Dismiss [docket entry 33] and Memorandum Opinion and Order granting summary judgment [docket entry 394].

1

Procedure 12(b)(6). Midwest's remaining claims survived the motion to dismiss, and the parties proceeded to discovery.

Midwest and Bank of Franklin each produced a copious amount of paperwork during the discovery phase, which led to approximately 31 depositions and 108 exhibits being placed before the Court. See Doc. 408, p. 4. After carefully considering all of the exhibits and legal arguments presented on Bank of Franklin's Motion for Summary Judgment, the Court entered an Order dismissing Midwest's remaining claims on January 18, 2017. See Doc. 396. The Bank of Franklin filed its Bill of Costs and Motion for Attorneys' Fees and Related Nontaxable Expenses on January 30, 2017, and Midwest Feeders filed its Notice of Appeal and response to the defendant's motion shortly thereafter.

## II. Discussion

Relying upon correspondence exchanged between the parties during the course of litigation, the Bank of Franklin urges the Court to award the defendant attorneys' fees and nontaxable expenses pursuant to the Mississippi Litigation Accountability Act ("MLAA"), 28 U.S.C. § 1927, and the Court's inherent authority. The Court shall address each potential basis for recovery in turn.

### A. Mississippi Litigation Accountability Act

A party may recover reasonable attorneys' fees and costs under the MLAA if the action was brought "without substantial justification," for the purpose of delay or harassment, or if an

2

attorney or party "unnecessarily expanded the proceedings by other improper conduct." Miss. Code Ann. § 11-55-5(1).  The statute defines "without substantial justification" as "frivolous, groundless in fact or law, or vexatious." § 11-55-3(a).  "A claim is frivolous when, objectively speaking, the pleader or movant has no hope of success." Expro Americas, LLC v. Walters, 179 So. 3d 1010, 1021 (Miss. 2015) (internal citations omitted); see Estate of Pannagl v. Lambert, 166 So. 3d 39, 41 (Miss. Ct. App. 2014) ("Whether a party has 'hope of success' is an objective standard to be analyzed from the vantage point of a reasonable plaintiff at the time the complaint was filed.").  "Though a case may be weak or 'light-headed,' that is not sufficient to label it frivolous." Scruggs v. Saterfiel, 693 So. 2d 924, 927 (Miss. 1997).  When considering whether to grant an award under the MLAA, the Court is guided by a number of factors, including those enumerated within the statute:

>    (a) The extent to which any effort was made to determine
>    the validity of any action, claim or defense before it
>    was asserted, and the time remaining within which the
>    claim or defense could be filed;
>
>    (b) The extent to which any effort was made after the
>    commencement of an action to reduce the number of claims
>    being asserted or to dismiss claims that have been found
>    not yet to be valid;
>
>    (c) The availability of facts to assist in determining
>    the validity of the action, claim or defense;

(d) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose;

(e) Whether or not issues of fact, determinative of the validity of a party's claim or defense, were reasonably in conflict;

(f) The extent to which the party prevailed with respect to the amount of and number of claims or defenses in the controversy;

(g) The extent to which any new action, claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in the state, which purpose was made known to the court at the time of filing;

(h) The amount or conditions of any offer of judgment or settlement in relation to the amount or conditions of the ultimate relief granted by the court;

(i) The extent to which a reasonable effort was made to determine prior to the time of filing of an action or claim that all parties sued or joined were proper parties owing a legally defined duty to any party or parties asserting the claim or action;

(j) The extent of any effort made after the commencement of an action to reduce the number of parties in the action; and

(k) The period of time available to the attorney for the party asserting any defense before such defense was interposed.

Miss. Code Ann. § 11-55-7.

Applying these factors, the Bank of Franklin argues that it is entitled to attorneys' fees under the MLAA because Midwest's claims were brought without any legal or factual basis and "without substantial justification." According to the bank, Midwest ignored the "almost universal law" in this country that banks owe

4

a duty of care only to their own customers and embarked on a costly fishing expedition to recoup losses the plaintiff suffered due to its own lack of care. After the Court's Order of partial dismissal in July 2015, the bank sent letters to Midwest on three separate occasions, urging the plaintiff to voluntarily dismiss all remaining claims against the defendant. See Doc. 396-4, pp. 4, 26, 30. The bank contends that by refusing to dismiss its baseless claims, Midwest also failed in its duty to evaluate its claims at each stage of the litigation.

Though Midwest asserts that the MLAA should not apply in this federal action, federal courts within the Northern and Southern Districts of Mississippi have applied the MLAA in diversity cases such as this. See Vazzana v. City of Greenville, 2007 WL 465634 (N.D. Miss. Feb. 8, 2007); Alradai v. Riverhills Bank, 2007 WL 2001647 (S.D. Miss. July 5, 2007); Bryant v. Military Dept. of State of Miss. ex rel. Miss. Air. Nat'l Guard, 381 F. Supp. 2d 586, 594 n.12 (S.D. Miss. Aug. 26, 2005); Swift Fin. Corp. v. Bath Planet of Miss., LLC, 2016 WL 4572222, *2 (S.D. Miss. Aug. 31, 2016) (attorneys' fees were unwarranted "assuming but not holding that [MLAA] applie[d]").

Assuming the MLAA applies, the Court finds that Midwest's claims do not rise to the level of frivolity contemplated by the Act. It cannot be said that Midwest's claims, when viewed objectively, were filed without any hope of success. Though

5

ultimately found to be without merit, Midwest's arguments appear to have been made in good faith, based on the facts and the law in Mississippi and surrounding jurisdictions. As to the UCC and negligence-based claims, the case presented novel issues, which required the Court to push the bounds of the clearly defined law in this jurisdiction and make an educated, Erie "guess" as to which party's interpretation should prevail. "To deem a question of law frivolous, groundless in fact or in law, or vexatious merely because there is no existing Mississippi law on the subject would have a chilling effect on all litigation involving questions of first impression." Scruggs, 693 So. 2d at 927 (internal quotations omitted). And though the Court granted summary judgment based on the speculative nature of Midwest's conspiracy claim, the alleged conspiracy was at least plausible insofar as the claim survived the motion to dismiss and proceeded to discovery.

Furthermore, Midwest's refusal to dismiss its remaining claims following this Court's order of partial dismissal does not, without more, justify the imposition of attorneys' fees under the MLAA. See Swift Fin. Corp., 2016 WL 4572222 at *2 (finding that "a successful motion to dismiss, standing alone, does not indicate sanctions against the plaintiff are warranted"). The Bank of Franklin's argument is based, in large part, on its ultimate success on the merits. But where sanctions such as these are concerned, to the victor does *not* always go the spoils. It is

true that "[s]ome cases should be won; some cases should be lost and some cases should never have been filed." Vazzana v. City of Greenville, 2007 WL 465634, *4 (N.D. Miss. Feb. 8, 2007). The Court, however, is unconvinced that this case falls into the latter category. Upon consideration of all relevant factors, the Court declines to award attorneys' fees based on the MLAA.

*B. 28 U.S.C. § 1927*

Under 28 U.S.C. § 1927, the Court may award sanctions against offending attorneys, not parties. Maguire Oil Co. v. City of Houston, 143 F.3d 205, 208 (5th Cir. 1998). Section 1927 provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Attorney fee awards under § 1927 are penal in nature, and the Court construes the statute narrowly so that the "legitimate zeal of an attorney in representing her client is not dampened." Browning v. Kramer, 931 F.2d 340 (5th Cir. 1991). Sanctions under this statute must be predicated on actions that are both "unreasonable" and "vexatious," which requires evidence of "bad faith, improper motive, or reckless disregard of the duty owed to the court." Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998). To award sanctions under § 1927 requires clear and convincing evidence that sanctions are justified. Lawyers Title Inc. Corp. v. Doubletree Partners, L.P., 739 F.3d

7

848, 872 (5th Cir. 2014); see Bryant v. Military Dept. of Miss., 597 F.3d 678, 694 (5th Cir. 2010) ("Sanctions under 28 U.S.C. § 1927 . . . require 'clear and convincing evidence, that *every* facet of the litigation was patently meritless' and 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'").

In advocating for sanctions under the statute, the Bank of Franklin claims that Midwest's counsel, through the guise of settlement, engaged in a "scorched earth" policy by threatening financial ruin for the bank and criminal prosecution for its officers. According to the bank, these threats came in the form of settlement offers sent to the bank by Midwest Feeders, wherein the plaintiff outlined the bank's dismal financial forecast and proposed various forms of corporate restructuring. The Bank of Franklin also argues that Midwest attempted to intimidate the bank by asking the defendant to consent to the production of confidential documents to law enforcement agencies and by requesting the names of independent counsel retained by bank employees, along with the names of those employees who planned to invoke their rights under the Fifth Amendment during deposition questioning. Midwest disputes this characterization of the parties' correspondence, maintaining that all settlement offers were made in good faith based on the plaintiff's estimated damages and the defendant's insurance coverage as disclosed to the

plaintiff. Midwest also maintains that all other inquiries were made in a good faith effort to expedite discovery and comply with the stipulated protective order entered between the parties.[2]

Though it appears that litigation between the parties has been contentious, contention alone is insufficient to upend the "American Rule" and shift the Bank of Franklin's entire cost of defense to Midwest Feeders.[3] The Court cannot order one party to bear the other's financial burden, as the Bank of Franklin proposes, unless "the entire course of proceedings were unwarranted and should neither have been commenced or persisted in." Ratliff v. Stewart, 508 F.3d 225, 235 (5th Cir. 2007) (quoting Browning, 931 F.2d at 344). Section 1927 authorizes reimbursement "only for the excess costs, expenses and attorneys' fees incurred because of the attorney's unreasonable and vexatious multiplication of the proceedings." Browning, 931 F.2d at 344-45. With a unique set of facts giving rise to unsettled legal issues, the Court is unpersuaded that Midwest's suit was frivolous and "should neither have been commenced or persisted in." Midwest was

---

[2] The Stipulated Protective Order allowed the parties to designate documents as "confidential" and limited disclosure of those "confidential" documents to non-parties. See Doc. 50. But "nothing in [the] Order [prevented] any party or other person from seeking modification of [the] Order or from objecting to discovery that it [believed] to be otherwise improper." Doc. 50, ¶ 14. Midwest claims that it requested the bank's consent to produce confidential documents after an FBI agent asked Midwest for copies. After the bank refused to provide such consent, Midwest maintains that it honored the Order and informed the agent that it could not comply with his request.

[3] "The general rule in federal court, the so-called 'American Rule,' is that litigants are responsible for their own fees." Moench v. Marquette Trans. Co. Gulf-Inland, LLC, 838 F.3d 586, 595 (5th Cir. 2016).

unsuccessful on the merits of its case, but the plaintiff was not without some arguable basis to support its claims.

Additionally, the Court is unconvinced that Midwest's conduct rises to the level of bad faith necessary to justify an award of attorneys' fees under the statute. The parties' correspondence, while less than collegial, does not present clear and convincing evidence that Midwest or its counsel acted in a manner that was so "unreasonable" and "vexatious" as to warrant sanctions. Even assuming that Midwest's communications may be construed as threatening and "vexatious," it is unclear how these implicit threats actually multiplied the proceedings. See Shavers v. Shavers, 2007 WL 312705, *7 (S.D. Miss. Jan. 30, 2007) (noting that sanctions require "multiplied proceedings" and "unreasonable and vexatious" conduct); see also Lawyers Title Inc. Corp., 739 F.3d at 872 (noting that § 1927 sanctions should be employed "only in instances evidencing a serious and standard disregard for the orderly process of justice"). Following the motion to dismiss, Midwest was free to proceed with its remaining claims. Both parties partipated in extensive discovery, and there is no evidence that Midwest conducted unnecessary depositions, engaged in needless motion practice, or otherwise expanded the proceedings, any more so than the Bank of Franklin. While the record may reflect a course of exceedingly zealous advocacy on behalf of the

10

plaintiff, coupled with presumptuous settlement offers, the Court declines to grant attorneys' fees on that basis.

*C. The Court's Inherent Authority*

The Bank of Franklin also argues that the Court may, through its inherent authority, impose sanctions and attorneys' fees as it deems necessary. Certainly, federal courts are vested with the inherent authority to sanction parties and attorneys for conduct that abuses the judicial process. Shavers, 2007 WL 312705 at *9. But "[a] court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'" Swift Fin. Corp. v. Bath Planet of Miss., LLC, 2016 WL 4572222, *2 (S.D. Miss. Aug. 8, 2016) (quoting Boland Marine & Mfg. Co. v. Rihner, 41 F.3d 997, 1005 (5th Cir. 1995)). The Court is unconvinced that Midwest's alleged conduct defiles "the very temple of justice" or amounts to fraud upon the Court justifying an attorney fee award in this case.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that defendant Bank of Franklin's Motion for Attorneys' Fees and Related Nontaxable Expenses (docket entry 396) is DENIED.

SO ORDERED AND ADJUDGED, this the 22nd day of March, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE